Richard P. Edwards, Esq. (SBN 074358)
**EDWARDS & HUNTER**
1405 Carleton Square
San Diego, California 92106
Telephone: 619.569.2709
Facsimile: 619.923.2866

Attorneys for Plaintiff GOLDEN EAGLE
INSURANCE CORPORATION

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| GOLDEN EAGLE INSURANCE CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MARYLAND CASUALTY COMPANY; and<br>DOES 1 through 20, inclusive<br><br>　　　　　　Defendants. | Case No. EDCV10-975 VAP (DTBx)<br><br>Complaint Filed: May 24, 2010<br>Removed to USDC Central: July 2, 2010<br><br>***REVISED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF GOLDEN EAGLE INSURANCE CORPORATION'S RULE 56 MOTION FOR SUMMARY JUDGMENT/ SUMMARY ADJUDICATION***<br><br>District Court Judge:<br>　　Hon. Virginia A. Phillips<br>Magistrate Judge (Discovery):<br>　　David T. ~~Briseoe~~ Bristow<br><br>Date: 　　March 14, 2011<br>Time: 　　2:00 p.m.<br>Room: 　　134 |

1

Golden Eagle's <u>Revised</u> Statement of Facts and Law in Support of Its Rule 56 Motion

GOLDEN EAGLE INSURANCE CORPORATION ("Golden Eagle") submits the following Statement of Uncontroverted Facts and Conclusions of Law in Support of its Rule 56 Motion for Summary Judgment/Summary Adjudication:

**AS TO THE FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF:**

| ~~Peerless'~~ Uncontroverted Facts and Conclusions of Law: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| 1. The Owner (The Colonies-Pacific, LLC) entered into a shopping center lease ("the Lease") with the Tenant (My Jeweler, Inc.) on October 3, 2005. Exhibit D at 00668, para. 1 (LEASE 001). | |
| 2. The Lease required the Tenant to pay for and keep in full force and effect a commercial general liability policy naming the Owner as an additional insured. Exhibit D at 00674, para. 15.1(a)(2) (LEASE ~~014~~ 015). | |
| 3. The Lease also required that the additional insured coverage purchased by the Tenant would be primary with respect to liability arising out of the occupancy of the premises by the Tenant and that the Owner's insurance would be excess and noncontributory. Exhibit D at 00674, para. 15.1(a)(1) (LEASE ~~014~~ 015). | |

[handwritten margin note: "Golden Eagle"]

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12 | 4. The Tenant purchased the policy of insurance from Maryland Casualty and the Maryland Casualty policy satisfied the Tenant's obligation to provide additional insured coverage because the Maryland Casualty policy stated that the Owner would be an additional insured under that policy if the Tenant was required in a written contract to name the Owner as an additional insured. Exhibit B at 00546 and 00624 (ZUR 0002 and ZUR 0080). | |
| 13<br>14<br>15<br>16 | 5. Maryland Casualty's policy covers "occurrences" which are defined as "accidents." Exhibit B at 00617, 00630 (ZUR 0073, 0086). | |
| 17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25 | 6. One of the main reasons that Golden Eagle's policy is considered excess under the *Hartford* opinion is because the Golden Eagle policy specifically provides that it is excess where, as here, the Owner is added as an additional insured by way of an endorsement. Exhibit A at 00477, [4.b(2)] (GEIC 0477). [crossed out] | |
| 26<br>27 | 7. The Maryland Casualty policy (like Golden Eagle's) provides: | |
| 28 | | |

3

Golden Eagle's <u>Revised</u> Statement of Facts and Law in Support of Its Rule 56 Motion


| | |
|---|---|
| b. Excess Insurance<br>This insurance is excess over:<br>* * * *<br>(2)   Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.<br>Exhibit B at 00627 (ZUR 0083). | |
| 8.  The Owner had its own policy of insurance with Golden Eagle.  Exhibit A at 00111 (GEIC 0111). | |
| 9.  The Golden Eagle policy expressly stated that it would be excess coverage over any other policy where the Owner was added as an additional insured by an endorsement.  Exhibit A at 00447, para. (4)(b)(2) (GEIC 0477). | |
| 10.  An underlying case was filed against the Owner by Carl and Destiny McIntyre and by the Tenant ("McIntyre Action"). Exhibit C at 00655, paras. 4-6 (CMPL 0003). | |
| 11.  In the McIntyre Action, plaintiffs allege that on or about ~~December 6,~~ August 16, 2006 | |

4

| | |
|---|---|
| 2006, Carl and Destiny were present at the premises when armed robbers entered and robbed the store at gunpoint. Exhibit C at 00656, paras. 10-14 (CMPL 0004). | |
| 12. In the course of the robbery, Carl was bound and beaten while Destiny witnessed the attack on her father. Exhibit C at 00657, para. 15 (CMPL 0005). | |
| 13. In the McIntyre Action, the plaintiffs are seeking damages for negligent maintenance of the premises and negligence. Exhibit C at 00658-00662 (CMPL 0006-0010). | |
| 14. To date, Golden Eagle has paid $41,284.64 for the defense of the Owner in the McIntyre Action. Declaration of Theresa Creeden in Support of Plaintiff Golden Eagle Insurance Corporation's Rule 56 Motion For Summary Judgment/ Summary Adjudication ("Creeden Dec."), at para. 4. | |

/ / /
/ / /
/ / /
/ / /
/ / /

IT IS SO ORDERED

Dated March 18 2011

Virginia A. Phillips
United States District Judge

5

Golden Eagle's <u>Revised</u> Statement of Facts and Law in Support of Its Rule 56 Motion